(C.R.D. 71-3)

CASAVANT FRERES LTD. *v.* UNITED STATES

(66 Cust. Ct. 584, R.D. 11745)

Court No. R70/8254

Entry No. 165005.

(Dated June 29, 1971)

*Barnes, Richardson & Colburn* for the plaintiff.
*L. Patrick Gray, III*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The defendant has filed a motion to dismiss the instant appeal for reappraisement on the ground that plaintiff has no standing to prosecute it. The motion is predicated upon the alleged absence of an appropriate document to establish that plaintiff had standing to institute this proceeding, and, in effect, rests upon the assumption that it was incumbent upon plaintiff to show by competent proof that it possessed the authority to invoke the jurisdiction of this court to entertain this appeal for reappraisement.

Plaintiff controverts this contention by asserting that it is the importer of record and the consignee authorized by statute (section 501, Tariff Act of 1930), to appeal for reappraisement, notwithstanding it is a foreign corporation which is the manufacturer and exporter of the merchandise.

Plaintiff relies upon a series of "presumptions"—that plaintiff was permitted to make entry and therefore, presumptively, had the legal right to make entry; that plaintiff may be presumed to be the consignee; that it is presumed to have complied with all pertinent regulations when its bond was accepted, etc.—to assert that there is nothing to indicate that plaintiff did not have the legal right to make entry and file the appeal.

Basically, the question here is not who has the burden of establishing capacity to sue. What is in issue is whether there has been compliance with the statutory provisions and accompanying regulations which control such capacity. In the last analysis then, the questions raised by this motion are whether plaintiff is a consignee or agent within sections 501, 483 and 484 of the Tariff Act of 1930, and, if so, whether it has complied with the regulations governing a foreign corporation's right to make entry of imported merchandise. (Section 8.6 (1), Customs Regulations of the United States.)

These sections, insofar as applicable, provide as follows:

SEC. 501. NOTICE OF APPRAISEMENT—REAPPRAISEMENT

* * * The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

SEC. 483. CONSIGNEE AS OWNER OF MERCHANDISE

For the purposes of this title—
(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the con-

signor, shall be deemed the consignee thereof. The underwriters of abandoned merchandise and the salvors of merchandise saved from a wreck at sea or on or along a coast of the United States may be regarded as the consignees.

(2) A person making entry of merchandise under the provisions of subdivision (h) or (i) of section 484 (relating to entry on carrier's certificate and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof.

SEC. 484. ENTRY OF MERCHANDISE

\*     \*     \*     \*     \*

(h) ENTRY ON CARRIER'S CERTIFICATE.—Any person certified by the carrier bringing the merchandise to the port at which entry is to be made to the owner or consignee of the merchandise, or an agent of such owner or consignee, may make entry thereof, either in person or by an authorized agent, in the manner and subject to the requirements prescribed in this section (or in regulations promulgated hereunder) in the case of a consignee within the meaning of paragraph (1) of section 483.

It would appear that plaintiff's response to the motion is ineffectual to show affirmatively that Casavant Freres Ltd. was the consignee, for customs purposes, of the subject importation. However, defendant's reply brief would seem to have supplied the documentary proof, the absence of which it originally asserted defeated plaintiff's right to file this appeal.

As to this proof, defendant alleges that there are two different Carrier's Certificates, listing different consignees, and hence, that there is confusion as to who is the proper party plaintiff.

Attached to defendant's reply brief are photostats of the following:

A document entitled "Inward Manifest and Carrier's Certificate," dated March 3, 1970; Customs Form 7533, signed by one Gaston Jodoin, the conductor of the carrier, St. Hyacinthe Express Inc., which certifies that F. W. Myers & Co., Inc. is the owner or consignee of the merchandise within the purview of section 484(h) of the Tariff Act of 1930.

A second document, entitled "Carrier's Certificate and Release Order," Customs Form 7529, also dated March 3, 1970, also signed by said Gaston Jodoin as agent for the St. Hyacinthe Express Inc., which certifies that Casavant Freres Ltd. is the owner or consignee of such articles within the purview of section 484(h) of the Tariff Act of 1930.

Obviously, these papers were carelessly drawn, and an apparent conflict exists. However, when it is considered that the name of F. W. Myers & Co., Inc., on the Inward Manifest is a printed item, whereas the name, Casavant Freres Ltd. on the Carrier's Certificate is handwritten, and that the entry papers list Casavant Freres Ltd. as the

owner of record, and F. W. Myers & Co., Inc., as the nominal consignee,[1] it would seem the failure to mention Casavant Freres Ltd. as the consignee, in Form #7533, was an inadvertence.

Furthermore, under the provisions of section 8.6(e) of the Customs Regulations:

> When a carrier's certificate is used in making entry pursuant to the provisions of section 484(h), Tariff Act of 1930, it shall be executed on Customs Form 7529, * * *

So far as these documents show, the consignee mentioned on Customs Form 7529 is Casavant Freres Ltd.

There is no compelling reason to deny to this plaintiff the right to litigate the value of the merchandise which has been entered in its name. Rather do all revelant facts point to the conclusion that Casavant Freres Ltd. is a proper party having legal standing to appear in this action.

Domestic corporate status and/or residence are not conditions precedent to this right, and since defendant does not urge, nor does the record show, failure of compliance with the regulations permitting entry by a foreign corporation, this motion is denied.

(C.R.D. 71-4)

---

[1] By the provisions of section 483(2), "A person making entry of merchandise under the provisions of subdivision (h) or (i) of section 484 * * * shall be deemed the sole consignee thereof."